## ILLINOIS BANKERS' LIFE ASSOCIATION OF MONMOUTH, ILL., v. JACKSON et al.

No. 10922—Opinion Filed Nov. 28, 1922.

Rehearing Denied Jan. 16, 1923.

(Syllabus.)

**1. Insurance — Life Policy — Construction Favorable to Insured.**

Where a life insurance policy is open to two constructions, one favorable and one unfavorable to the insured, the former will be adopted in order to make effective the primary obligation of the contract. Barnett v. Merchants' Life Ins. Co., of Des Moines, Iowa, 87 Okla. —, 208 Pac. 271.

**2. Same—Provisions Exempting from Liability Strictly Construed.**

The provisions of a life insurance policy exempting the insurer from liability under certain conditions will be construed strictly against the insurer. Barnett v. Merchants' Life Ins. Co., of Des Moines, Iowa, 87 Okla. —, 208 Pac. 271.

**3. Same—"Engaging in Military Service."**

Where the insured "engaged in military service" and there is a provision in the policy exempting the insurer from liability under a clause in the policy providing, "If the insured engages in military or naval service, this policy is void and the liability of the Association shall be limited to the amount paid by the insured hereon," and it is admitted by the defendant insurance company that the insured died, after having been inducted into the army, while stationed at Fort Sam Houston, Tex., receiving military training, as result of the disease of broncho-pneumonia, which was contracted by reason of the insured having Spanish influenza; that the disease from which the insured died on the date of his death was

prevalent throughout the world and was not contracted by the insured by reason of his engagement in military service, held, that the insurer was not exempted from liability.

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by William Douglas Jackson and Mary Jane Jackson, against the Illinois Bankers Life Association of Monmouth, Ill., a corporation, to recover $2,000 on a life insurance policy. Judgment for plaintiffs, and defendant brings error. Affirmed.

Everest, Vaught & Brewer, for plaintiff in error.

Jordan & Burke, for defendants in error.

KENNAMER, J. William Douglas Jackson and Mary Jane Jackson, plaintiffs, commenced this action in the district court of Choctaw county against the defendant, Illinois Bankers Life Association of Monmouth, Ill., a corporation, to recover $2,000 alleged to be due on the life insurance policy issued to Norvin Ardis Jackson on the 31st day of May, 1918. The cause was tried to the court on the 2nd day of April, 1919, a jury having been waived by the parties to the action. Upon an agreement between the parties it was agreed the pleadings filed, including the petition of the plaintiffs, the answer of the defendant, and the reply of the plaintiffs, correctly stated the facts upon which the court should enter judgment in the action. Upon this statement of facts the court entered judgment in favor of the plaintiffs against the defendant for the amount alleged to have been due on the insurance policy as pleaded by the plaintiffs in their petition.

Motion for a new trial was filed and by the court overruled, exceptions allowed, and this appeal is prosecuted by the Illinois Bankers Life Association, defendant, to reverse the judgment of the trial court.

One legal question is presented by this appeal for determination by this court, and that is whether the insurance policy on which the plaintiffs recovered, under the admitted facts, is void.

It is admitted that the policy of insurance was issued on the 31st day of May, 1918, in consideration of the payment of a premium of $20.50, upon the life of Norvin Ardis Jackson, being policy No. 84475. That William Douglas Jackson and Mary Jane Jackson were named as beneficiaries in the policy. The policy contained the following provision: "If the insured engages in military or naval service, this policy is void and the liability of the Association shall be limited to the amount paid by the insured hereon." This provision of the policy was pleaded as a defense by the defendant insurance company to the action of the plaintiffs. Subsequent to the issuance and delivery of the policy the insured, Norvin Ardis Jackson, was, pursuant to the provisions of the Selective Service Law of the United States, Act Cong. May 18, 1917, inducted into the United States Army and transported to Fort Sam Houston, Tex., and while located there receiving military training, became sick with Spanish influenza, which resulted in broncho-pneumonia, from which disease the said Norvin Ardis Jackson died on the 20th day of October, 1918.

It was admitted that the military service of the insured was not the direct or proximate cause of his sickness and death. That the disease from which he died was prevalent throughout the world and was common to both military and civil life, and that the disease from which the insured died was not contracted by the insured by reason of his engagement in the military service of the United States. It was admitted that proper proof of the death of the insured had been made according to the terms of the policy. Under the admitted facts in this case, we are clearly of the opinion that the judgment of the trial court must be affirmed.

The question involved on this appeal, in view of the fact that the provision in the policy in this action relied on as a defense is almost identical with the provision of the policy considered and construed in the case of Barnett v. Merchants' Life Insurance Company of Des Moines, Iowa, decided May 22, 1922, 87 Okla. 42, 208 Pac. 270, is controlled by that decision.

This court in the Barnett Case, supra, after a thorough consideration of the cases relied on by the plaintiff in error in this case, concluded that the company was liable, and after a careful examination of the brief of counsel for the plaintiff in error, we fail to observe any good reason to cause us to recede from the rule announced in the Barnett Case, supra. In the Barnett Case, supra, the opinion in part is as follows:

"Our conclusion is that the exemption provided for in the military clause under consideration must be one which increased the risk assumed by the company under its primary obligation to relieve the company of liability. It being stipulated that the evidence did not disclose that by the insured being inducted into military service

the hazard assumed by the company was increased, the judgment of the trial court should have been for the plaintiff."

The second and third paragraphs of the syllabus in the opinion read:

"Where a life insurance policy is open to two constructions, one favorable and one unfavorable to the insured, the former will be adopted in order to make effective the primary obligation of the contract."

"The provisions of a life insurance policy exempting the insurer from liability under certain conditions will be construed strictly against the insurer."

We, therefore, conclude, upon the authority of this case, the judgment of the trial court should be affirmed, and it is so ordered.

Our attention has been directed to the fact that the plaintiff in error executed a supersedeas bond with the United States Fidelity & Guaranty Company as its surety, staying execution on the judgment entered by the trial court. The clerk of this court is directed to enter judgment against the United States Fidelity & Guaranty Company in favor of the defendants in error for $2,000, with interest and cost, in accordance with the judgment of the trial court.

HARRISON, C. J., and KANE, JOHNSON, McNEILL, MILLER, and NICHOLSON, JJ., concur.