FILIPKOWSKI, Appellant, vs. SPRINGFIELD FIRE & MARINE INSURANCE COMPANY, Respondent.

*October 14—November 10, 1931.*

*W. E. Atwell* of Stevens' Point, for the appellant.

For the respondent there was a brief by *Shaw, Muskat & Sullivan,* and oral argument by *V. B. Wake,* all of Milwaukee.

OWEN, J. On the 11th day of December, 1925, the Springfield Fire & Marine Insurance Company issued to Joseph Filipkowski its policy of fire insurance, covering his farm house, household furniture, some produce and farm machinery, in the total sum of $5,350, for a period of five years. It appears that during the term of this policy the plaintiff temporarily removed to the city of Milwaukee, taking with him a part of his furniture. While so removed, the agent of the company made an attempt to reduce the amount of the coverage of the policy. He issued a rider to be attached to the policy, reducing the total coverage to $3,500. This rider was mailed to the plaintiff, together with the agent's personal check for $13.50 to cover the return premium resulting from the reduction in the coverage. There is a dispute in the record as to whether this reduction was made in pursuance of prior negotiations between the agent and the insured. However, the insured refused to accept the return premium.

In due time plaintiff returned from Milwaukee, bringing with him a quantity of new furniture. He then applied to defendant's agent at Stevens Point for a reinstatement of the policy so that it would provide the original coverage. The defendant's agent refused to reinstate the original coverage, but it appears that he offered to write additional in-

surance in another company. At any rate, the plaintiff and the agent of the defendant did not come to any agreement with reference to the additional insurance. The plaintiff procured additional insurance through another insurance agency in Stevens Point, and on the 17th day of October, 1929, another policy, issued by the East and West Insurance Company, was delivered to him, providing for $2,500 additional coverage on the same property. The property covered was destroyed by fire on the 26th day of March, 1930. The defendant denied liability under its policy, claiming it had been rendered void by the procuring of the additional insurance, and this action is brought to recover thereon.

The policy sued upon is in the usual standard form, and contains the following provision: "Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage occurring (a) while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." It is conceded that the defendant company did not consent in writing to the additional insurance, nor was there any such agreement attached to the policy. The jury found that defendant's agent knew of the purpose of the plaintiff to secure additional insurance and consented thereto, notwithstanding which the court ordered judgment for the defendant.

The exact situation here presented was thoroughly considered, and the authorities reviewed, in *Struebing v. American Ins. Co.* 197 Wis. 487, 222 N. W. 831. It was there held that the procuring of additional insurance without the written consent of the company added to the policy of insurance rendered the policy void during the time that such other insurance was in existence. Appellant's attorney realizes that the doctrine of the *Struebing Case* defeats recovery in this action but for sec. 203.215, Stats., enacted by the

legislature following the decision of this court in the *Struebing Case,* by ch. 456, Laws of 1929. That chapter reads as follows:

"Whenever a condition is included in any fire insurance policy issued in this state that unless provided by agreement in writing added thereto the insuring company shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by such policy, such other or additional insurance, whether with or without knowledge of the insuring company, shall nevertheless not operate to relieve the insuring company from liability for loss or damage occurring while the insured shall have such other contract of insurance, whether valid or not. Subject to all other items and conditions of its policy, each insuring company shall be liable for its proportionate share of any such loss or damage, but in no event shall the insured be entitled to recover from any or all of such insuring companies a sum greater than his actual loss or damage."

The policy sued upon was issued in 1925. The above statute was enacted in 1929. The question is whether the statute is efficient to affect the provision of defendant's policy required by the standard policy law at the time of its issuance, and now as well, with reference to the procuring of other insurance.

We are clear that sec. 203.215 does not apply to and has no effect upon the policy which is the subject of this action, for two reasons: (1) The first reason is that sec. 203.215 is not by its terms made retroactive, and it should not be so construed unless it clearly appears to have been the intention of the legislature that it should so operate. It is one of the fundamental rules of construction that legislation must be considered as addressed to the future, not to the past. This rule will always be followed except in cases of remedial statutes, or where there is something on the face of the enactment putting it beyond doubt that the legislature intended it to operate retrospectively. *State v. Atwood,* 11 Wis. 441,

*422; *Vanderpool v. La Crosse & M. R. Co.* 44 Wis. 652; *Lanz-Owen & Co. v. Garage Equipment Mfg. Co.* 151 Wis. 555, 139 N. W. 393; *Read v. Madison,* 162 Wis. 94, 155 N. W. 954. Although remedial statutes are sometimes construed to act retrospectively, such is never the construction of statutes affecting substantive rights in the absence of a clear legislative intent. (2) The second reason for our conclusion is, that to construe sec. 203.215 as applying to policies issued prior thereto would be to render it unconstitutional as impairing the obligation of contracts. The appellant's attorney relies upon numerous cases holding that the exercise of the police power is not rendered invalid by the fact that it has some incidental effect upon existing contracts. A contract right is no more nor less than a property right. "But incidental damage to property resulting from governmental activities, or laws passed in the promotion of the public welfare, is not considered a taking of the property for which compensation must be made." *State ex rel. Carter v. Harper,* 182 Wis. 148, at p. 153, 196 N. W. 451. In harmony with this doctrine, we find it stated in 6 Ruling Case Law, p. 347, § 341, that "The constitutional protection of the obligation of contracts is necessarily subject to the police power of the state, and therefore a statute passed in the legitimate exercise of the police power will be upheld by the courts, though it incidentally destroys existing contract rights."

The authorities relied on by appellant have no application here, because the statute in question is a direct attack upon the contract itself. It does not affect it as the incidental result of some other governmental activity, but it is a direct impairment of the contract. It is well settled that "If the contract were valid when made it is within the constitutional protection precluding the legislature from impairing the obligations of contracts." *Superior v. Douglas County Tel. Co.* 141 Wis. 363, 368, 122 N. W. 1023. This was said with reference to a contract relating to the rates of service of a

telephone company, a subject over which the state has as plenary power as it has over the contracts of insurance companies. See, also, *Manitowoc v. Manitowoc & N. T. Co.* 145 Wis. 13, 129 N. W. 925. As the statute in question does not and cannot affect contracts existing at the time of its enactment, the plaintiff's right to recover upon this policy of insurance is settled adversely to that right by *Struebing v. American Ins. Co.* 197 Wis. 487, 222 N. W. 831, and many other cases therein cited.

The appellant contends that the invalidity of the policy of insurance was waived by the insurance company. The argument made in that behalf is for the most part identical with the contention made in the *Struebing Case,* which was there fully considered and answered by the court. In view of what was there said it seems unnecessary to give that matter any further consideration. It is readily conceded by the attorney for the appellant that if the *Struebing Case* is to be adhered to, his argument in that behalf is fully answered. His contention rather is that the *Struebing Case* lays down too harsh a rule. We, however, see nothing in the circumstances here considered which indicates a waiver on the part of the insurance company of the express provisions of the policy or estops it to claim its invalidity. It has done nothing which resulted in damage to the plaintiff. It did not exact proofs of loss. It put the plaintiff to no expense in supplying the proofs of loss. We discover nothing done by the insurance company which resulted in inconvenience, damage, or injury to the plaintiff. To hold the defendant estopped to claim the invalidity of the insurance policy by reason of the procuring of the additional insurance, under the circumstances of this case, would be tantamount to saying that an insurance company must always pay the loss no matter what the terms of the insurance contract, even though those terms be prescribed by legislative enactment.

A further argument is made, based upon *Kukuska v. Home Mut. Hail-Tornado Ins. Co.* 204 Wis. 166, 235 N. W. 403, but the doctrine of that case plainly has no application here. The liability of the insurance company in that case was predicated on a breach of quasi-contractual duty. While it would have been neighborly for the agent in this case to remind the plaintiff that the procuring of further insurance without the written consent of the defendant company would invalidate his policy, no duty rested on the defendant in that respect, and there is no room to invoke the doctrine of the *Kukuska Case*.

We discover no error in the record and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.