## BEAN v. TRAVELERS INSURANCE CO.

No. 21294.   Opinion Filed June 20, 1933.

Walter Mathews, for plaintiff in error.

Randolph, Haver, Shirk & Bridges, for defendant in error.

ANDREWS, J.   The plaintiff in error, as plaintiff, brought this action against the defendant in error, as defendant, upon a certificate of insurance issued to him as a part of a policy of group life insurance issued by the defendant to the Marland Oil Company.   He alleged in his petition that after the issuance of the policy or certificate, and prior to his attaining the age of 60, and while in the employment of the Marland Oil Company, on May 26, 1926, he sustained an accidental personal injury from the effects of which, on or about June 8, 1929, his eyesight became so impaired as to permanently, continuously, and wholly prevent him for life from engaging in any occupation or employment for wage or profit; that he had suffered the entire and irrecoverable loss of sight of both of his eyes, and that he left the employment of the Marland Oil Company about July 1, 1928.   The defendant answered by general denial, and alleged that the certificate of insurance was not in force and effect.   It denied the plaintiff's claim of inability to perform manual labor, and alleged that the plaintiff was not within the disability coverage provided by the certificate.   The cause was tried to a jury. When the testimony had been concluded, the defendant asked for a directed verdict in its favor and the same was granted by the court.   The plaintiff appealed.

The plaintiff contends that if an employee covered by group insurance is injured while an employee and terminates his employment, and total permanent disability develops after the termination of the employment, recovery may be had under the individual certificate issued as a part of the group life policy.   That contention is without merit.   The certificate referred to states:

"The insurance provided for by said policy terminates with the termination of employment with said employer unless the employee shall elect to continue the insurance in accordance with the following conversion privilege.

"Conversion Privilege.
"(Taken from Group Policy)

"Any employee of the employer covered under this group policy shall, in case of the termination of employment for any reason whatsoever, be entitled to have issued to him by the company without evidence of insurability upon application to the company made within 31 days after such termination and upon the payment of the premium applicable to the class of risks to which he does belong and to the form and amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by the company, except term insurance, in an amount equal to the amount of his protection under such group

insurance policy at the time of such termination."

There was no such conversion.

The provisions of the policy for permanent total disability benefits are as follows:

"If any employee insured under this policy shall furnish the company with due proof that he has before having attained the age of 60, become wholly disabled by bodily injuries or disease, and will be permanently, continuously, and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will pay to him in full settlement of all obligations to him hereunder, the amount of insurance then effective on his life either in a single payment or in annual installments as hereinafter set forth as the employer may elect. * * *"

They are applicable only where the policy is in force and effect. This policy ceased to be effective 31 days after the termination of the employment for the reason that the conversion privilege was not exercised. The plaintiff's employment with the Marland Oil Company terminated a year before his alleged total disability occurred.

The plaintiff contends that the policy provided for compensation for total disability arising either from accident or disease; that his blindness or impaired vision is due to a disease, and that compensation is payable if the disability was caused during the employment, though it did not occur until after the employment ceased. We think that that contention is not supported by the provisions of the policy.

The plaintiff failed to bring himself within the provisions of the policy in two other respects. The provisions thereof with reference to total disability are as follows: "* * * wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, * * *" and "* * * irrecoverable loss of the sight of both eyes. * * *" The testimony showed that he was totally blind in his right eye, but it did not show that he was totally blind in both eyes. It showed that he had 20 per cent. vision in his left eye, the loss of which being caused by farsightedness, which was correctable by wearing properly fitted glasses to 50 per cent. The testimony further showed that the plaintiff had been in the employment of the Globe Oil Company at general work at $3.60 per day, from about April 15th and until May 31, 1929, prior to the commencement of this action on July 23, 1929.

We find no reversible error in the judgment of the trial court, and it is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.