**PRUDENTIAL INS. CO. OF AMERICA v. MOSLEY.**

No. 26593. Feb. 23, 1937.

Rehearing Denied March 23, 1937.

Geo. L. Zink and Arch M. Parmenter, for plaintiff in error.

R. Place Montgomery, for defendant in error.

PER CURIAM. In this opinion the parties will be referred to as they appeared in the trial court.

This action was brought in the district court of Kiowa county, Okla., by Josie Mosley, plaintiff, against the Prudential Insurance Company of America, corporation, defendant, to recover the sum of $1,000 with interest, allegedly due on a policy of insurance written by the said company on the life of one Ivan E. Mosley.

The defendant answered, denying any liability on said policy, and in its brief its defense is summed up in the following language:

"The defendant below contended that the total permanent disability of the insured was not covered and not the subject of the policy, in that such total permanent disability existed before the payment of the

first premium on such policy, and was not such as would tide over the period of nonpayment of premiums, and that the policy had lapsed for nonpayment of premiums.***

"In this case it was contended, and was the only defense urged, that the insured was suffering the total permanent disability that caused his death, long before the issuance of the policy or the payment of the first premium thereon, and it was evidence of this that the trial court denied."

The response of the plaintiff to the defense aforesaid is stated briefly and succinctly in her brief as follows:

"It was and is the simple contention of the plaintiff, sustained by the trial court in its judgment, that premiums having been paid for more than the incontestable period, and the insured being totally and permanently disabled prior to cessation of premium payments, and the disability provision of the policy-waiving premiums upon such disability, that no contest could be made of liability under such policy, nor regarding the origin of such disability."

The policy on which this action is based was written by the defendant on the life of one Ivan E. Mosley, and in it the plaintiff, Josie Mosley, was named as beneficiary. The policy is very lengthy, and we quote only the portions upon which the foregoing contentions of the parties are predicated. The pertinent portions read as follows:

"The disability benefits hereinafter specified will be granted by the Company if the Insured shall become totally and permanently disabled, from bodily injury or disease, to such an extent as to be incapacitated from engaging in any occupation for remuneration or profit, provided,

"(c) That such total disability shall occur after the payment of the first premium on this Policy, while the Policy is in full force and effect, and before the anniversary date of this Policy nearest the sixtieth birthday of the insured.* * *

"The Company will waive the payment of any premium or premiums, the due date of which, as specified in the Policy, shall occur after the commencement of such total continuous disability, but in no event before a date more than one year prior to the date of receipt by the Company of said notice of disability.

"This Policy shall be incontestable after one year from its date of issue, except for nonpayment of premium, but if the age of the insured be misstated the amount or amounts payable under this Policy shall be such as the premium would have purchased at the correct age."

The policy was dated on October 20, 1930,

and in the trial court it was stipulated as follows:

"That Ivan E. Mosley died on November 30, 1933; that proof of death was made in accordance with the terms of such policy; that the original policy sued on may be admitted in evidence on the part of the plaintiff. That monthly premium on said policy was the sum of $2.32, payable on the 20th day of each month after date the policy sued on was issued in every year during the continuance of the policy, and that the first premium of $2.32 was paid in advance at the time of the execution of the application; that the monthly premiums on such policy were paid to and including December 20, 1931, but that the monthly premium due January 20, 1932, was not paid, and that no subsequent premiums upon such policy were ever paid; and that such policy was never reinstated under any provision thereof. * * *

"It is stipulated and agreed between the parties hereto that the insured, Ivan E. Mosley, was permanently and totally disabled on or before December 20, 1931."

After plaintiff had introduced her evidence and rested, the defendant then sought to introduce testimony to sustain its sole defense that the insured became disabled prior to the date of the payment of the first premium, which was paid at the time when the policy was written, on the theory that the disability did not occur within the period of time provided in the policy, and therefore did not waive the payment of premiums, and the policy was not in force at the time of the death of the insured.

The trial court refused all tenders of such proof, and instructed a verdict for the plaintiff on the theory that the incontestable clause quoted, supra, precluded the defendant from relying upon such defense. The verdict and judgment were entered on the court's instruction, in favor of the plaintiff, and to reverse this judgment the case comes here on appeal.

The motion for new trial and petition in error, as well as the briefs of both parties, are confined to the alleged error of the trial court in excluding the aforesaid testimony proffered by the defendant, and in instructing a verdict for the plaintiff.

If, in said respects, the trial court erred, the case must be reversed and remanded. If it did not err, it must be affirmed.

The date of the policy under consideration is October 20, 1930. The one year incontestable period expired October 20, 1931. All premiums falling due on the policy were paid up until January 20, 1932, the ·last

premium having been paid on December 20, 1931, but paying up to January 20, 1932, a date beyond the expiration of the one year incontestable period.

It is stipulated that the insured became totally disabled prior to December 20, 1931, which last-mentioned date would be at a time when the premiums were paid up and while the policy was in force; but it is not stipulated at what time prior to said date he became totally disabled.

It is likewise agreed that the insured died on November 30, 1933.

Under the plain terms of the policy, if the insured became totally disabled after the payment of the first premium on the policy and while it was in full force and effect, and before the anniversary date of the policy nearest the sixtieth birthday of the insured, then no further premiums ever became due thereon, but such total disability had the effect of waiving all further premiums, and said policy was in full force and effect at the time of the death of the insured, and the plaintiff had the right, under the admitted facts, to recover on said policy.

On the other hand, if, as contended by the defendant, the total disability did not occur after the date of the policy and the payment of the first premium, and if this fact would render the premium waiver clause inoperative, then clearly the policy expired on the 20th day of January, 1931, subject only to the 31 days' grace period provided in the policy, and was not in effect on the date of the death of the insured.

The determination of whether or not the trial court erred in excluding the proffered testimony of defendant must be answered by determining the legal effect to be given to the incontestable clause of the policy which reads as follows:

"This policy shall be incontestable after one year from its date of issue except for nonpayment of premiums, but if the age of the insured be misstated, the amount or amounts payable under this policy shall be such as the premium would have purchased at the correct age."

If this clause is to be given the construction for which the plaintiff contends, then, under the facts as above stated, all defenses would be barred, and the trial court correctly excluded the proffered testimony of the defendant. It seems to us that the language of the incontestable clause itself is very clear and explicit, and that if the policy was kept in force for one year, thereafter the only ground on which payment may be contested is for the nonpayment of premiums.

Now, in this case, there is no question but that the policy was kept in force for the time beyond the expiration of the one-year incontestable period, and to a date beyond the time when the insured became totally disabled. This was done by the payment of premiums in money. Now, when the insured did become totally disabled, if such disability occurred within the time provided in the policy and continued down to the time of the death of the insured, no further premiums would be due on said policy; but this clearly presents for our consideration the question of whether or not the disability did occur within the period provided by the policy.

If proof of the fact that total disability occurred prior to the date of the payment of the first premium would have the effect of preventing the premium waiver clause from becoming operative at all, then it is clear that since the insured only paid the premiums up to January 20, 1932, while he did not die until November 30, 1933, the very defense against which the one-year incontestable clause is not a bar—that of nonpayment of premiums—is available.

If the premiums were not either paid or waived, the policy expired. It is agreed that the premiums were only paid to January 20, 1932. If the policy was kept in force thereafter, it was because the waiver clause became operative. Did it become operative at all, if the disability existed at the time when the policy was written and the first premium was paid? If it did not become operative in case the disability then existed, then proof of this disability would really constitute proof of nonpayment of premiums, against which the one-year incontestable clause is of no avail.

The determination of the trial court that the evidence that the disability existed when the policy was written was inadmissible, necessarily involved the decision by him that such proof would not prevent the premium waiver clause from becoming operative.

We think that an insurance policy is a mere contract between the parties, and that it must be construed by the usual rules governing construction of contracts, except that in case of doubt it must be construed strongly in favor of the insured and against the insurer. Barnett v. Merchants Life Insurance Co., 87 Okla. 42, 208 P. 271; Illinois

Bankers Life Association v. Jackson, 88 Okla. 133, 211 P. 508.

The parties had the right to stipulate the terms on which premiums would be waived. The policy being the language of the defendant company would be construed more strongly against it and in favor of the insured, if there was any doubt as to the meaning of the language used; but it occurs to us that the language here used is in no manner ambiguous.

The policy provides, among other things, that in order that total disability may constitute a waiver of premiums, it must have occurred after payment of the first premium, and we think that the trial court should have admitted the proffered testimony on the part of the defendant, for the purpose of showing that it did not so occur.

We do not mean to hold that the proof that the insured was, at the time when the policy was written and the first premium paid, suffering from the malady from which he later became totally disabled and thereafter died, would defeat recovery; but what we do hold is that proof that the insured was already totally disabled before the payment of the first premium would be admissible for the purpose of showing that the insured did not become totally disabled after the payment of the first premium and while the policy was in full force and effect, and that by reason thereof the premium waiver clause of the policy never became operative. If this clause did not become operative, then it necessarily follows that the premiums were not paid from January 20, 1932, down to the date of the death of the insured, and against this defense the incontestable clause is not available.

The insurance contract herein sued upon must be construed as a whole, and if such construction be reasonable, it must receive that construction which will give effect to every part of it.

Sections 9465, 9467, 9462, 9463, 9474, and 9476, Okla. Stats. 1931, read as follows:

"9465. The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others."

"9467. A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect, if it can be done without violating the intention of the parties."

"9462. The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."

"9463. When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible, subject, however, to the other provisions of this article."

"9474. Particular clauses of a contract are subordinate to its general intent."

"9476. Repugnancy in a contract must be reconciled, if possible, by such an interpretation as will give some effect to the repugnant clause, subordinate to the general intent and purposes of the whole contract."

The language of the contract under consideration appears to be clear and explicit, and no repugnancy seems to occur in it. The portion of the contract setting forth the conditions on which total disability which waives payment of further premiums shall be effective, fixes the time of commencement as follows: "That such total disability shall occur after the payment of the first premium on the policy."

It likewise fixes the termination of the period as follows: "Before the anniversary date of this policy nearest the sixtieth birthday of the insured."

We think it would hardly be contended that if the total disability occurred after the age of 60, such disability would waive the necessity for further premium payments, and we think that the same construction must be given to that portion of the same paragraph which fixes the beginning of the period during which the total disability must occur in order to waive the payment of further premiums; otherwise, this clause fixing the time limit is wholly meaningless.

We hold that, under the record in this case, the fact that the malady which subsequently resulted in the total disability and later in the death of the insured may have existed when the policy was written and the first premium paid, is not material, and that under the record in this case that would constitute no defense and the defendant would be precluded by the one-year incontestable clause from setting up any such defense; but the fact that total disability existed before the date of the payment of the first premium would preclude the possibility of its having arisen after the payment of the first premium, and it is necessary that such total disability must have arisen after the payment of the first premium in order that it may have the effect of waiving the payment of further premiums.

We do not mean to hold that under proper pleadings and proof it could not be shown

that the insurance company knew of the total disability and waived it by issuing the policy and by subsequently accepting premiums thereon, but there is no such question here presented.

Plaintiff in her brief quotes from the case of American Trust Co. v. Life Insurance Co., 173 N. C. 558, 92 S. E. 706, as follows:

"The modern rule is that a life insurance policy containing a provision that it shall be incontestable after a specified time, cannot be contested by the insurer on any ground not excepted in that provision."

Plaintiff likewise quotes from the case of Indiana National Life Insurance Co. v. McGinnis, 180 Ind. 9, 45 L. R. A. (N. S.) 192, 101 N. E. 289, as follows:

"It seems to be a well-recognized principle of insurance law that a provision in the contract of insurance limiting the time in which the insurer may take advantage of certain facts that might otherwise constitute a good defense to its liability on such contract, is valid, and precludes every defense to the policy **other than the defenses excepted in the provision itself.**"

In the case of Mutual Life Insurance Co. of N. Y. v. Buford, 61 Okla. 158, 160 P. 928, also cited by the plaintiff, this court quotes with approval and adopts the identical language of the Indiana court quoted, supra.

We think that the above quotations correctly state the law, and we so hold. When we apply this holding to the case at bar, we find that the incontestable clause of the policy in question, by its own terms, is not a bar to the defense of the nonpayment of premiums. It is admitted by both parties that the premiums were not paid for many months before the death of the insured. It then follows that the policy was not in force at the date of the death of the insured unless the premiums had been waived. Waiver simply amounts to payment in a different manner.

Now when we look at the policy to see on what conditions the premiums were waived, we find in the outset the condition that the total disability, not the beginning of the illness, but the total disability, must have occurred after the payment of the first premium and before the sixtieth birthday of the insured, in order to waive payment.

We think it is clear that we must determine whether or not the premiums were waived, in order to determine whether or not the premiums on the policy were paid by cash or waiver, so as to continue the policy in force, and, as we have seen, the incontestable clause is not a bar to the defense of the nonpayment of premiums.

As we see it, the clause providing for the payment of premiums and the clauses providing for the waiver of premiums are inextricably interwoven in such manner that they must be construed together in order to determine whether or not the premiums have been paid by cash or waiver, so as to continue the policy in force; and it necessarily follows that proof is admissible to show whether or not the premiums were waived. Because, if they were not waived they should be paid, and if they were not paid by cash or waiver, the policy was not kept in force.

No other construction will give effect to the whole contract. To give a paramount effect to the incontestable clause, we must ignore wholly the clauses setting forth the terms under which the premiums are waived. If we may arbitrarily read out of this policy the specified beginning date of the period within which the disability must occur, in order to waive premiums, and read into it a different beginning date, then we may with impunity change any other term of the policy which does not suit our fancy, and if we may do this, we may write for the parties a whole new policy.

If evidence may not be introduced to show whether or not the disability occurred within the period which would waive the premiums, then how are we to determine whether or not the premiums were waived? How are we to determine whether or not they were paid in cash and by the waiver clause, so as to keep the policy in force?

Payment and waiver being inextricably interwoven, proof for the purpose of showing that the total disability did not occur between the date of payment of the first premium and the age of 60 was admissible, as such defense comes within the exception contained in the incontestable clause of this policy, and the trial court erred in refusing to admit such proof.

The case is reversed and remanded back to the trial court with instructions to proceed in accordance with this opinion.

The Supreme Court acknowledges the aid of Attorneys Wm. G. Davisson and Stephen A. George in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by

Mr. Wm. G. Davisson and approved by Mr. Stephen A. George, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and RILEY, J., dissent.