## EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. HOOVER.

No. 28873. Feb. 6, 1940.

Rehearing Denied March 26, 1940.

Application for Leave to File Second Petition for Rehearing Denied April 30, 1940.

*101 P. 2d 632.*

Snyder & Lybrand, of Oklahoma City, for plaintiff in error.

Suits & Lewis, of Oklahoma City, for defendant in error.

WELCH, V. C. J. This action was filed by Bronse Hoover against the Equitable Life Assurance Society of the United States to recover on a group insurance policy, as beneficiary of his deceased wife, Mrs. Gladys Hoover. This cause was tried to the court without the intervention of a jury.

The policy sued upon was a group policy issued by the Equitable Assurance Society as insurer of the Standard Oil Company and its subsidiaries. The Carter Oil Company, by whom Mrs. Gladys Hoover was employed at the time of the issuance of the policy, was a subsidiary of the Standard.

The policy provided that any employee of the Standard, or its subsidiary, who had been employed by such company for one year was eligible for coverage and remained eligible so long as such employee remained in such employment, and that such employee could become covered by merely notifying the employer without notification to the society. And further provided that the coverage of any such employee automatically terminated upon the termination of his or her employment. It further provided that the insured had a 31-day grace period thereafter in which to convert into another policy.

Upon examination of the record we are convinced that the employment of Mrs. Gladys Hoover was terminated on June 15, 1937, and that the deceased died July 5, 1937. Therefore, there is only one question before the court, that is, to determine whether Mrs. Gladys Hoover was covered by the group insurance during the 31 days' grace period, within which time there was provision for the conversion of the group policy into some other type of policy.

There are a number of authorities cited by the parties herein revealing that the courts in other jurisdictions have held both ways on this question.

We have consistently held that where a life insurance policy is open to two constructions, one favorable, and one unfavorable to the insured, the one favorable to the insured will be adopted in order to make effective the primary obligation of the contract. Barnett v. Merchants Life Insurance Co., 87 Okla. 42, 208 P. 271; Illinois Bankers' Life Association of Monmouth, Ill., v. Jackson et al., 88 Okla. 133, 211 P. 508; Prudential Insurance Company of America v. Mosley, 179 Okla. 451, 66 P. 2d 35.

In the case of Shanks v. Travelers Ins. Co., 25 Fed. Supp. 740, decided December 20, 1938, it was held that the insured was covered under the group policy for the 31 days' grace period, or for 31 days following termination of insured's employment, although insured had not exercised the conversion privilege. The federal court in its opinion states:

"It has been well established that federal courts, in dealing with questions of general commercial law, such as construction of contracts of insurance, are bound to follow the decisions of the appropriate state court."

"This brings us to a determination of whether the Oklahoma Supreme Court has passed upon the question here involved."

And it was there concluded by the federal court that the question had been settled in Oklahoma by our decision in Bean v. Travelers Insurance Co., 164 Okla. 135, 23 P. 2d 216. In our opinion in the Bean Case it was said:

"This policy ceased to be effective 31 days after termination of the employment for the reason that the conversion privilege was not exercised."

See, also, the language of this court in Equitable Life Assurance Society v. Robbins, 179 Okla. 1, 2, 64 P. 2d 273, where it was said that such insurance did not cease upon termination of employment, but remained in force for 31 days thereafter during the right of conversion period.

We therefore must say that the question is no longer an open one in this jurisdiction. The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, HURST, and DAVISON, JJ., concur. GIBSON and DANNER, JJ., dissent.