**AETNA INS. CO. OF HARTFORD, CONN. v. JEREMIAH et al.**
**PROVIDENT FIRE INS. CO. v. JEREMIAH.**

Nos. 4135–4136.

United States Court of Appeals, Tenth Circuit.

Jan. 25, 1951.

Rehearing Denied March 13, 1951.

---

3. See Moore Federal Practice, Second Ed., Vol. 3, pp. 825–826.

C. A. Ambrister, Muskogee, Okl., and Walter Hanson, Oklahoma City, Okl. (Rittenhouse, Webster, Hanson & Rittenhouse, Oklahoma City, Okl., on the brief for appellant, The Provident Fire Insurance Co.), for appellants.

Fred Green and Kelly Brown, Muskogee, Okl., for appellees.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The Aetna Insurance Company[1] brought this declaratory judgment action to determine its liability on a fire insurance policy issued to Eurence Jeremiah on the 18th day of November, 1948. In addition to Jeremiah, Provident Fire Insurance Company,[2] which also had issued its policy covering the same property, and the First National Bank of Fort Smith, Arkansas, were made defendants. Jeremiah owed the First National Bank of Fort Smith, Arkansas, $1200.00 together with accrued interest, and both policies contained the standard mortgage clause in favor of the bank. When the issues were made up, the insurance companies sought to have the policies declared void by reason of fraud, misrepresentation and the obtaining of other or additional insurance prohibited by the terms of each policy. The bank sought judgment for the amount due on its loan and Jeremiah asked that the liability of the insurance companies be determined and that he have judgment against each of them in accord-

ance with the terms of the policies. The court found both policies to be in force and effect. There being no dispute as to the value of the property destroyed, judgment was entered in favor of Jeremiah in accordance with the terms of the policies for three-fourths the value of the property. Judgment was also entered in favor of the First National Bank of Fort Smith, Arkansas, which was paid by the companies. The insurance companies have appealed. Under our view of the case we find it necessary to consider only the question presented by the provisions of the policies.

The following facts are not in dispute: Jeremiah was the owner of property located in Sequoyah County, Oklahoma, consisting of a farm house and household goods. On November 8, 1948, he made written application to the Provident for a fire insurance policy in the sum of $3,000 upon the house, $1,000 upon the household goods and $500 upon a barn to be constructed. A policy effective November 8, 1948, was issued. The delivery date of this policy is not shown but a standard mortgage clause was issued in favor of the First National Bank of Fort Smith and mailed to it on November 22, 1948, and there is no evidence that the policy was delivered to Jeremiah prior to that date.

On November 12, 1948, Jeremiah made application to the Aetna for a fire insurance policy in the amount of $3,000 upon the house and $1,000 upon the household goods. This policy was issued and delivered to Jeremiah on the 13th day of November, 1948. On January 28, 1949, the house and the household goods were destroyed by fire of unknown origin. Due proof of the loss and claim was made upon both the Aetna and the Provident. Each company denied liability on these claims. The policies were written on the standard form policy provided for in Title 36, O.S.A. § 244.1 effective January 1, 1946. This section repealed former Sec. 244 of the statute. The statutory policy contained this provision: "Other insurance may be prohibited or the amount of insurance may be limited by endorsement attached hereto." The uniform

---

1. Herein referred to as Aetna.

2. Herein referred to as Provident.

standard farm property form authorized by Sec. 245, 36 O.S.A. § 245 was attached to and became a part of the policies and contained this provision: "Other insurance prohibited unless written consent by the company is endorsed hereon." It is admitted that at the time of the loss no consent had been granted for additional insurance and there was no endorsement on either policy granting permission for additional insurance.

The companies contend that the provision in each policy prohibits additional insurance and that this prohibition is an express warranty by the insured that no other insurance will be taken out. Generally, fire insurance policies provide against the existence of procuring of additional insurance upon the same property without the consent of the company. Courts have held such provisions reasonable and valid upon the ground that concurrent policies on the same property tend toward carelessness and fraud. Northern Assurance Co. v. Grand View Building Association, 183 U.S. 308, 22 S.Ct. 133, 46 L.Ed. 213; Booth v. Concordia Fire Ins. Co., 4 Cir., 30 F.2d 20; Dubuque Fire & Marine Insurance Co. v. Reynolds Co., Inc., 5 Cir., 128 F.2d 665; Merchants & Planters Insurance Co. v. Marsh, 34 Okl. 453, 125 P. 1100, 42 L.R.A., N.S., 996; Western Nat. Ins. Co. v. Marsh, 34 Okl. 414, 125 P. 1094, 42 L.R.A.,N.S., 991; Cherewaty v. Grangers Mutual Fire Insurance Co., 181 Md. 149, 28 A.2d 824, 143 A.L.R. 421; Walker v. Queen Insurance Co., 136 S.C. 144, 134 S.E. 263, 52 A. L.R. 259; Filipkowski v. Springfield Fire & Marine Ins. Co., 206 Wis. 39, 238 N.W. 828, 78 A.L.R. 613; 29 Am.Jur., Insurance, paragraph 731; 45 C.J.S., Insurance, § 638, p. 533.

The trial court took the view, and it is urged here, that the above rule is inapplicable because the policies were not by their terms declared void or that there would be no liability on them if additional insurance was obtained. It relied upon recent changes in the Oklahoma statute. Prior to January 1, 1946, the statutory fire insurance policy for Oklahoma contained this provision: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not on property covered in whole or in part by this policy". 36 O.S.A. 244. We find no real difference in the provisions of the two statutes nor any legislative intent to limit the right of insurance companies to contract as to additional insurance. The old statute contained an absolute prohibition unless the consent was endorsed on the policy; the new form requires that the prohibition or limitation be endorsed, the result being that under the old policy if there was no endorsement additional insurance would be prohibited while under the new form it would be permitted if there was no endorsement which prohibited it. It is merely a different method of obtaining the same result. These identical policy provisions were considered by the Fourth Circuit in Graham v. American Eagle Fire Ins. Co., 182 F.2d 500, 501, and what was said by that court is particularly appropriate here: "Plaintiffs argue that there is a difference in that the old form of policy expressly excludes liability where there is other insurance, whereas there is no such express exclusion in either the face of the new form of policy or the indorsements which were added in this case. The answer is that this provision of the old policy merely embodies along with the condition against additional insurance the rule which the law would apply upon breach, whether expressed or not, and that the rule is not different because not expressly set forth in the face of the contract. A provision forbidding or limiting additional insurance is clearly intended not as prescribing something to be done by the insured but as expressing a condition upon which the company assumes liability; and the law is well settled that, upon the breach of such a condition, there can be no recovery upon the contract in which it is contained. The principle upon which this conclusion rests is elementary in the general law of contracts. See A.L.I. Restatements of Contracts secs. 250 and 260, and illustration 1 under 260. Applied in the law of insurance, it clearly requires that a provision forbidding or limiting additional insurance be treated as a

condition of the policy, breach of which will preclude recovery by the insured. See Kossmehl v. Miller National Insurance Co., 238 Mo.App. 671, 185 S.W.2d 293; Plumley v. Superior Fire Ins. Co., 122 W.Va. 333, 9 S.E.2d 229; Roberts v. London & Lancashire Ins. Co., 282 Ky. 679, 139 S.W.2d 764; Elliott v. Lycoming County Mut. Ins. Co., 66 Pa. 22, 5 Am.Rep. 323; Mitchell v. Lycoming County Mut. Ins. Co., 51 Pa. 402."

 The terms of the policies prohibited additional insurance in unequivocal language, it was one of the conditions upon which the contracts were entered into and are promissory warranties. Such warranties as they apply to insurance contracts require that something be done or not done by the insured after the policy takes effect, a breach of which avoids liability on the policy. Automobile Ins. Co. v. Barnes-Manley Wet Wash Laundry Co., 10 Cir., 168 F.2d 381, 384; Zolintakis v. Equitable Life Assur. Soc., 10 Cir., 97 F.2d 583, 586; Sentinel Life Ins. Co. v. Blackmer, 10 Cir., 77 F.2d 347; Orient Ins. Co. v. Van Zandt-Bruce Drug Co., 50 Okl. 558, 151 P. 323, 324. We do not hold that double insurance ipso facto eliminates liability on insurance policies because the law does not favor forfeitures and where doubt exists forfeiture will be avoided. Couch on Insurance, Sec. 186; Aetna Ins. Co. v. Rhodes, 10 Cir., 170 F.2d 111; Equitable Life Assur. Soc. v. Hoover, 187 Okl. 134, 101 P.2d 632; Prudential Ins. Co. of America v. Mosley, 179 Okl. 451, 66 P.2d 35; Illinois Bankers' Life Ass'n v. Jackson, 88 Okl. 133, 211 P. 508. Aside from this, an insurance policy is a contract between the insurer and the insured and its terms are to be construed as any other contract. The parties are bound by its clear terms. National Aid Life Ass'n v. May, 201 Okl. 450, 207 P.2d 292. In the case before us, both policies, in so many words, prohibited additional insurance. There was no contention that there was a waiver by either of the companies of this prohibition, nor was it claimed that the insured did not have full knowledge of the existence of both policies after their issuance.

It may be that when Jeremiah purchased the Aetna policy he did not know that his Provident application would be accepted and at that time did not intend to carry two policies on his property. It cannot be said, however, that at the time of his loss he did not know that he had the two policies on the same property. These policies had been delivered to him more than two months prior to the loss and had been in his possession during that time. A few days before the loss he advised the agent of the Provident that he expected to cancel its policy and inquired as to the amount of the accumulated premium. He considered both policies in effect and made claim for loss on them. This would be a ratification of the later policy by Jeremiah even though he had not intended to complete the Provident application after receiving the Aetna policy. Continental Ins. Co. v. Riggs, 277 Ky. 361, 126 S.W.2d 853, 121 A.L.R. 1421, annotation 1428. The contracts entered into between the parties by clear and unambiguous terms prohibited additional insurance. We are not at liberty to make new contracts for them. Mutual Benefit Health & Accident Ass'n v. Hobbs, Executrix, 8 Cir., 186 F.2d 321.

Judgment is reversed with directions to enter judgment for the plaintiff Aetna, and the defendant, Provident.

Judge HUXMAN concurs in the result.