GRAND LODGE, UNITED BROTHERS OF FRIENDSHIP OF TEXAS AND SISTERS OF MYSTERIOUS TEN, v. LAWSON et al. (No. 5891.)

(Court of Civil Appeals of Texas. Austin. March 20, 1918. Rehearing Denied May 1, 1918.)

1. INSURANCE &#61;819(4)—ACTION ON POLICY—SUFFICIENCY OF EVIDENCE.

In an action on a death benefit certificate by administrator of the beneficiary, circumstantial evidence *held* sufficient to show beneficiary killed insured, where same evidence would have sustained a conviction of murder in first degree with death penalty.

2. INSURANCE &#61;787 — FRATERNAL INSURANCE—MURDER OF INSURED BY BENEFICIARY.

A man named as beneficiary in wife's death benefit certificate will not be permitted after murdering wife to recover on the certificate; the rights of beneficiary to recover after taking life of insured being contrary to public policy.

3. INSURANCE &#61;795 — MURDER OF INSURED BY BENEFICIARY—RIGHT OF HEIRS TO RECOVER ON POLICY.

Where a man murders his wife, and is given death penalty for so doing, the wife's death benefit certificate in which husband was beneficiary will be payable to her heirs, where policy contains no provision as to payment in the event of murder of insured by beneficiary.

4. INSURANCE &#61;722—FORFEITURE OF POLICY—PUBLIC POLICY.

A provision in a contract of insurance, stipulating that in the event of the intentional killing of insured by beneficiary, the policy shall be void, and all payment thereon forfeited, is not contrary to public policy.

5. INSURANCE &#61;718 — FRATERNAL INSURANCE—FORFEITURE OF POLICY.

Where the constitution of a fraternal insurance organization, made a part of the contract of insurance by the death benefit certificate, provided that the certificate shall be void and all payments thereunder forfeited in the event that beneficiary intentionally takes life of insured, the certificate was *held* void, where a man murdered his wife, in whose death benefit certificate he was named beneficiary.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by W. B. Lawson, as administrator of W. T. Weaver, deceased, against the Grand Lodge, United Brothers of Friendship of Texas and Sisters of Mysterious Ten; William Dials, Thos. Darden, and others intervening. Judgment for plaintiff, and the interveners named, and the defendant appeals. Reversed and rendered.

Meek & Kahn, of Houston, for appellant. J. D. Williamson, of Waco, and Allan V. McDonnell, of Austin, for appellees Darden and Dials. G. W. Barcus, of Waco, for appellee Lawson. Nat Harris, of Waco, and Chas. L. Brachfield, of Henderson, for appellees Lee White, Haywood White, Sebe White, and Fannie Jeffries.

JENKINS, J. W. B. Lawson, administrator of W. T. Weaver, deceased, brought this suit against the Grand Lodge, United Brothers of Friendship of Texas and Sisters of Mysterious Ten, a fraternal organization, to recover upon a certificate of insurance issued to Carrie Weaver, deceased, the wife of W. T. Weaver, in which W. T. Weaver was named as beneficiary. Wm. Dials and Thos. Darden, to whom Weaver had assigned a half interest in said certificate, intervened. Lee White, Sebe White, Haywood White, and Fannie Jeffries, who it was admitted on the trial hereof were the only heirs of Carrie Weaver, also intervened, alleging that neither the administrator of the estate of W. T. Weaver, nor his assigns, were entitled to recover, for the reason that W. T. Weaver murdered his wife, Carrie Weaver. The fraternal organization also alleged that W. T. Weaver murdered Carrie Weaver, and that for this reason it was not liable on said certificate. The case was tried before the court, without a jury, and judgment was rendered for the administrator for one half of said certificate, and for the interveners, Dials and Darden, for the other half. The court did not file findings of fact.

In view of our decision herein on the assignment that the judgment of the court is not supported by, but is contrary to, the evi-

---

&#61;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dence, it is unnecessary for us to pass upon the other assignments of error.

[1] The evidence fully sustains the allegation that W. T. Weaver murdered his wife, the insured in said certificate. While the evidence as to this fact is circumstantial, it is sufficient to have sustained a conviction of murder in the first degree, with the death penalty, which would probably have been his fate had he not committed suicide after murdering the principal witness against him.

[2] It is against public policy to permit the beneficiary in an insurance policy to recover thereon when he feloniously takes the life of the insured. "The unbroken voice of authority is to this effect." Schmidt v. Life Association, 112 Iowa, 41, 83 N. W. 800, 51 L. R. A. 143, 83 Am. St. Rep. 323; Ins. Co. v. Armstrong, 117 U. S. 591, 6 Sup. Ct. 877, 29 L. Ed. 997; Box v. Lanier, 112 Tenn. 393, 79 S. W. 1042, 64 L. R. A. 458; 14 R. C. L. p. 1228.

[3] In the absence of any stipulation in the policy in reference to the death of the insured being caused by the beneficiary named therein, the policy in the instant case would be payable to the heirs of the deceased. Schmidt v. Life Association, supra; K. & L. of H. v. Menkhausen, 209 Ill. 277, 70 N. E. 567, 65 L. R. A. 508; Box v. Lanier, supra.

[4, 5] The certificate in the instant case contains the following provision:

"It is distinctly understood and agreed by and between this fraternity and the member [Carrie Weaver] that this certificate and * * * the constitution and by-laws of this fraternity shall constitute the contract between this fraternity and the member."

The constitution provided, among other things, that:

"If the member holding this certificate * * * should die * * * by the hands of the beneficiary or beneficiaries named herein (except by accident) * * * this certificate shall be null and void and of no effect, and all moneys which shall have been paid on account of this certificate shall be absolutely forfeited."

Neither of the parties hereto has cited any authority in reference to this feature of this case; and in our limited time for research we have not been able to find any.

It is a general provision of law that contracts founded upon a valuable consideration, and not affected by fraud, accident, or mistake, will be enforced, unless the same be contrary to public policy. There is no suggestion of fraud, accident, or mistake in the instant case, and we know of no public policy that would be violated by enforcing the provisions of the contract above set out. Carrie Weaver voluntarily stipulated that in the event she should die by the hands of the beneficiary, her insurance certificate should be void. The association stipulated that in such event it should not be liable. The event occurred. Why should not this plain and unambiguous term of the contract be enforced?

A beneficiary in an insurance policy, in the absence of any stipulation in reference thereto, cannot recover where he feloniously causes the death of the insured, for the reason that to permit him to do so would be to encourage crime, and tend to the insecurity of life. The tendency of the contract above set out is to the contrary. Thus one who was the beneficiary in a policy, say on the life of his wife, as in the instant case, having children by his wife, and having grown desperate by reason of the condition of his financial affairs, or being jealous, or for some other reason, might contemplate taking the life of both himself and wife. In such event, knowledge of the fact, if such was the law, that the provision as to forfeiture of the policy in the event he should murder his wife and commit suicide would be held void, and that his children could collect the policy, would not, to say the least of it, tend to deter him from the commission of his contemplated crime.

This case was tried before the court; the facts were fully developed; they show that the policy is void, for the reason that the insured died by the hands of the beneficiary, not by accident, but by felonious homicide. For this reason the judgment of the trial court is reversed, and judgment is here rendered for the appellant, the fraternal association hereinbefore named.

Reversed and rendered.

⊙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes