JOHN A. MACKOWIAK, as Administrator, etc., of ANIELA POWESKI, Deceased, and Another, Respondents, *v.* POLISH UNION OF AMERICA, Appellant.

Fourth Department, June 29, 1932.

*Frank S. Burzynski* [*Philip A. Laing* of counsel], for the appellant.

*John Leo Sullivan,* for the respondents.

EDGCOMB, J.   A dispute has arisen between the parties to this action over the liability of the defendant for the payment of a death benefit provided for in a membership certificate issued by the defendant to Aniela Poweski, now deceased.   The parties have chosen to submit their difference to this court for determination, pursuant to sections 546, 547 and 548 of the Civil Practice Act, and accordingly have agreed upon a case containing a statement of the facts upon which the controversy depends.

Defendant is a fraternal benefit society, organized under the provisions of article 7 of the Insurance Law.

Aniela Poweski became a member of the society, and on August 1, 1919, a certificate which provided for the payment of a death benefit of $250 to her husband, Walenty Poweski, was issued to her.   Mrs. Poweski died on the 16th day of February, 1931, while still a member in good standing.   Due proofs of death were filed, but defendant refused to pay the death benefit.

The constitution of the defendant contains the following provision: " Sec. 49.   Forfeiture of Benefits.   If any member of this Union * * * shall lose his life at any time by the hand of the beneficiary of such member or through any conspiracy or connivance on the part of the beneficiary, the insurance certificate of such member shall thereby become null and void, and all insurance rates paid thereon shall be returned to the legal representative of the deceased member."

Mrs. Poweski died as the result of a wound which was inflicted by her husband, Walenty Poweski, the beneficiary named in the certificate, when he struck her over the head with a poker.   As a result of this assault, Poweski was indicted by the grand jury of Chautauqua county for the crime of manslaughter in the first degree.   He pleaded guilty to the charge, and was sentenced to Auburn Prison for a term of not less than ten nor more than twenty years.

This action is brought by the administrator of the estate of said decedent, and the general guardian of her infant children, to whom Walenty Poweski assigned whatever interest he had in said certificate, to recover the sum of $250, the specified death benefit.

Decedent's certificate of membership provides that the constitution and laws of the society and the application for membership shall constitute the agreement between the society and its members. The provisions thus read into the contract of insurance, if not illegal, immoral or contrary to public policy, are binding on the

parties. (*Shipman* v. *Protected Home Circle*, 174 N. Y. 398, 409; *Sabin* v. *Phinney*, 134 id. 423, 428; *Sanger* v. *Rothschild*, 123 id. 577, 579; *Hellenberg* v. *District No. One, I. O. of B. B.*, 94 id. 580, 584; *Hess* v. *Johnson*, 41 App. Div. 465.) .

It is neither unlawful nor is it against public policy for a contract of insurance to stipulate that the policy shall become void under certain specified conditions or contingencies. (*Douglas* v. *Knickerbocker Life Ins. Co.*, 83 N. Y. 492; *Northwestern Mutual Life Ins. Co.* v. *Hazelett*, 105 Ind. 212, 215; *Greer* v. *Supreme Tribe of Ben Hur*, 195 Mo. App. 336.)

A provision similar to the one in question, making a policy void in the event that the insured loses his life at the hand of the beneficiary, is valid and enforcible. (*Grand Circle, Women of Woodcraft* v. *Rausch*, 24 Colo. App. 304; *Grand Lodge, United Brothers of Friendship of Texas and Sisters of Mysterious Ten* v. *Lawson*, [Tex. Civ. App.] 203 S. W. 394.)

Without a condition in the contract of insurance similar to the one in question, Walenty Poweski would not be permitted to recover this death benefit. To allow such a result would be against public policy. The law will not lend its aid to one who bases his cause of action on his own criminal act. (*Riggs* v. *Palmer*, 115 N. Y. 506; *Smith* v. *Metropolitan Life Ins. Co.*, 125 Misc. 670; *New York Mutual Life Ins. Co.* v. *Armstrong*, 117 U. S. 591, 600; *Grand Lodge, United Brothers of Friendship of Texas and Sisters of Mysterious Ten* v. *Lawson*, [Tex. Civ. App.] 203 S. W. 394.)

The plaintiff argues, however, that the policy is a valid and enforcible agreement in favor of the estate of the decedent, even if the beneficiary cannot recover thereon.

The liability imposed upon the defendant is purely contractual. The agreement between the parties measures the rights of every one claiming under it. There is not a word in the certificate of membership, or in the constitution, by-laws or rules of the defendant, which gives to the heirs or representatives of a deceased member any right whatsoever in the event that the beneficiary cannot take under the policy. The contract of insurance is not susceptible of the construction sought to be put upon it by the plaintiff. The clear and explicit language of the constitution making the insurance certificate null and void, if the member dies at the hand of the beneficiary, and the provision that, in such event, the insurance rates already paid shall be returned to the legal representative of the deceased member, indicates beyond all question of doubt that, if the contingency provided for should occur, the parties intended that the certificate should have no value, and should be without legal or binding force for any purpose whatsoever, so far as the

death benefit is concerned. The parties had a right to make just such an agreement, and the court is bound to enforce the contract as made, and not to alter or modify it in any manner. No recovery can be had here by the heirs or legal representatives of the estate. (*Dickerson* v. *Midvale Beneficial Assn.*, 264 Penn. St. 415; *Greer* v. *Supreme Tribe of Ben Hur*, 195 Mo. App. 336; *Warner* v. *Modern Woodmen of America*, 67 Neb. 233; *Golden Star Fraternity* v. *Martin*, 59 N. J. L. 207; *Spicer* v. *New York Life Ins. Co.*, 268 Fed. 500.)

Under the conceded facts, I think that the plaintiff is not entitled to recover the death benefit specified in the insurance certificate. He is, however, entitled to the insurance rates which have been paid on said certificate, amounting to fifty-six dollars and twelve cents.

All concur.

Submitted controversy determined in favor of the defendant and judgment granted in favor of the plaintiff for fifty-six dollars and twelve cents only, with interest from January 11, 1932, as conceded by the defendant, and appeals from judgment and order dismissed and judgment appealed from vacated on stipulation, all without costs.