## SOVEREIGN CAMP, WOODMEN OF THE WORLD, v. HOWELL.

No. 26379. March 31, 1936.

C. M. Gordon, for plaintiff in error.

Jos. I. Pitchford and Q. D. Gibbs, for defendant in error.

PER CURIAM. This was an action commenced in the district court in and for Okmulgee county by Clara Howell against the Sovereign Camp of the Woodmen of the World to recover upon a certificate of insurance issued to General B. Howell, in which certificate Clara Howell was named beneficiary. After the defendant filed its answer to the plaintiff's petition, plaintiff filed her motion for judgment on the pleadings. The trial court sustained this motion and entered judgment for the plaintiff. The defendant appeals.

The sole question before this court is whether. the certificate sued upon lapsed when the insured failed to pay the monthly premium due thereon in April, 1933, or any subsequent monthly premiums.

It is admitted by the defendant that the certificate was issued as alleged on February 17, 1930; that thereafter monthly premiums thereon in the sum of $1.76 per month were paid until and including the month of March, 1933; that General B. Howell died April 13, 1934. Defendant alleges in its answer that the cash surrender value of the certificate at the date of default, April 1. 1933, was $20.23, and that upon the failure of General B. Howell to select any of the nonforfeiture options set out in the certificate, the "automatic premium loan" provisions of the certificate became effective; that it would have required the sum of $21.60 to advance the monthly premiums falling due under the terms of the certificate through and including the month of March, 1934; that said sum of $21.60 was in excess of the cash surrender value. to wit, $20.23, and that the certificate therefore lapsed in March, 1934, and prior to the death of the insured. Defendant attached a copy of the certificate to its answer. The certificate recites that the cash surrender value at the end of three years is $18.88 and at the end of four years is $29.90.

The judgment for plaintiff was rendered upon the theory that after the company had advanced the monthly premiums from the date of default up to and including the month of February, 1934 (as it admits it was bound to do), the new cash surrender value of $29.90 became effective, and there was sufficient cash value in the certificate for the company to advance the premiums up to and including the month of April, 1934, when the insured died. The provision in the certificate which the trial court construed to arrive at this decision is as follows:

"After thirty-six monthly payments on this certificate shall have been paid, if any subsequent monthly payment be not paid on or before its due date, * * * the association will * * * advance as a loan to the said member the amount of the monthly payments required to maintain this certificate in force from month to month until such time as the accumulated loans, together with compound interest thereon at the rate of five per cent. per annum, and any other indebtedness hereon to the association, equal **the cash value hereof at the date of default in the payment of the monthly payments.** When the said cash value has been consumed in loans advanced and interest thereon, then this certificate shall become null and void. * * *"

Plaintiff in error contends that the above provision is clear and unambiguous and open to but one construction: That the company

was obliged to advance the monthly premiums until the amount of such premiums with interest thereon equaled the cash value on the date of default, April 1, 1933, and no longer. With this argument we are in accord. Any other construction requires interpolation and the disregard of language which is neither ambiguous nor obscure.

The well established rule of construction to be followed is set out in the syllabus of Kansas City Life Insurance Co. v. Harper, 96 Okla. 116, 214 P. 924:

"If the terms of the policy are clear, consistent and unambiguous, no forced or strained construction can be indulged in to give effect to the policy."

We conclude that the answer of the defendant stated a defense to the petition of plaintiff, and that the trial court erred in entering judgment for the plaintiff. The judgment of the trial court is reversed and the cause remanded, with instructions to proceed with the matter consistent with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys Wallace Robertson, Bruno H. Miller and John W. Hayson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Robertson, and approved by Mr. Miller and Mr. Hayson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL C. J., OSBORN, V. C. J., and BUSBY, PHELPS, and CORN, JJ., concur.