## PITCHFORD v. ELECTRICAL WORKERS' BENEFIT ASS'N.

No. 29681. April 8, 1941.

Rehearing Denied May 27, 1941.

*113 P. 2d 591.*

Kelly Brown, of Muskogee, and Harry D. Pitchford, of Okmulgee, for plaintiff in error.

Jarman & Brown, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal from an order which sustained a demurrer to the evidence of the plaintiff below and entered judgment in favor of defendant below. The parties appear here in the same order as they did in the trial court and will be referred to in like manner.

The essential facts are not in dispute. On March 3, 1931, the defendant issued and delivered to Charles Robert Pitchford, a member of its local lodge in Muskogee, a benefit certificate which contained the following provisions:

"That Charles Robert Pitchford, a Member of Local Lodge No. 384 of Muskogee, Okla. is, while in continuous good standing as a Member of this Association entitled to participate in its Benefit Fund to the extent that his Beneficiary shall be entitled to receive one of the respective sums of money based upon this Member's continuous good standing for the following periods of time respectively, that is to say: Three Hundred Dollars ($300.00) should his death occur from any cause after one year or more but less than two years; Four Hundred and Seventy-five Dollars ($475.00) should his death occur after two years or more but less than three years; Six Hundred and Fifty Dollars ($650.00) should his death occur after three years or more but less than four years; Eight Hundred and Twenty-Five Dollars ($825.00) should his death occur after four years or more but less than five years; and One Thousand Dollars ($1,000.00) should his death occur after five years or more. . . .

"This certificate, together with the Certificate of Incorporation and the Constitution and the By-Laws of the E. W. B. A. and the application for membership and the medical examination of the member herein named, and all amendments to each thereof, shall constitute the agreement between the Association and the member. . . .

"By-Law IV

"Sec. 2.

"All dues shall be payable in advance monthly, or quarterly at the option of the member, on the first day of the month. No member is entitled to notice of dues or any payments due this Association, nor to notice of arrearages, but each member must himself take notice when payment is due and promptly make same.

"3. Any member indebted to his Local Lodge or to the Association for three months' dues shall stand suspended and the Local Lodge and the Association may refuse to accept dues from any member so indebted to it. A suspended member forfeits all previous rights and benefits during suspension and to be reinstated must be in good health.

"4. Any member suspended for failure to pay dues for three months, may within three months from the date of suspension be reinstated provided he pays all dues to date of reinstatement and gives satisfactory evidence of good health, and also pays, together with said dues, a penalty of ten dollars ($10.00) to the expense fund. Upon payment of said dues and penalty and the furnishing of said evidence of good health such suspended member shall be reinstated to the standing he enjoyed prior to his suspension. If he elects to pay only said dues but not said penalty he shall be reinstated as a member but his continuous good standing, for the purpose of calculating benefits, shall begin on and date from the time of the payment of said dues, as if he had been admitted as a new member at such time. A member indebted for six months' dues forfeits all previous rights and benefits and shall be dropped as a member and can only come in as a new member."

From a time commencing shortly after the issuance of said certificate, the insured therein would neglect to pay his dues within the period limited by the contract and would then pay them up to date and continue to make his payments for a time and then let them go unpaid for several months and repeat the process. The last time this was done was approximately six months prior to the death of the insured, which occurred on December 7, 1938. The defendant denied all liability under the certificate for the reason that the last reinstatement had not established continuous good standing on the part of the insured for a sufficient period to cover any of the graduated benefits provided in the certificate. The plaintiff, who was named as beneficiary in said certificate, thereupon instituted this action to enforce payment of the maximum benefit provided in said certificate on the ground that the certificate had been in force and effect for more than five years, and that the insured had complied with all of the requirements of the contract. The defendant relied upon the express provisions of the contract to establish its nonliability. The plaintiff in reply pleaded waiver and estoppel in pais by reason of defendant having accepted dues after the same were delinquent. Motion to strike the reply on the ground of departure was denied. Trial was begun to a jury, but when plaintiff introduced evidence which showed that insured had not maintained a continuous good standing for 12 months prior to his death, the court sustained a demurrer to such evidence and rendered a judgment in favor of the defendant. The propriety of this action is the sole question presented for determination.

The contract was in writing and was clear, certain, and unambiguous. It provided for the payment of benefits upon a graduated scale corresponding to certain periods during which the insured should maintain continuous good standing in the association and made the by-laws of the association a part of the contract, and therein provided two methods from which the insured could elect, in the event he should lose his continuous good standing, to renew his

certificate and to obtain reinstatement. The first of these methods was to pay all of his dues to date, furnish satisfactory evidence of good health, and to pay the additional sum of $10 into the expense fund of the defendant association, in which event the certificate would be reinstated and the insured would be restored to all of his prior rights, including his continuous good standing, and the certificate would thereupon run without interruption. The second alternative method provided was merely to pay dues to defendant, in which event he would lose his prior continuous good standing, but the certificate would be renewed and the status of the insured would be that of a new member. The validity of the provisions of the contract are not questioned, and under the evidence of the plaintiff her right to a recovery depended solely upon the construction to be given to the contract, and therefore became a matter solely for the court. Federal Deposit Ins. Corporation v. Grim, 184 Okla. 275, 86 P. 2d 774.

An insurance policy is a contract and must be given the same construction as any other contract except in a case of doubt, in which case the doubt will be resolved in favor of the insured. Prudential Ins. Co. of America v. Mosley, 179 Okla. 451, 66 P. 2d 35; Liverpool & London & Globe Ins. Co. v. Kearney, 180 U. S. 132, 21 S. Ct. 326, 45 L. Ed. 460. Where the terms of the contract are clear, consistent, and unambiguous, no forced or strained construction should be indulged to give effect to the policy. Sovereign Camp W. O. W. v. Howell, 176 Okla. 451, 56 P. 2d 138.

The contract under consideration is clear, certain, and unambiguous. Thereunder the insured had the right to elect in case of an interruption of his continuous good standing to reinstate his contract and to be restored thereunder by pursuing the first alternative method provided or to elect to pursue the other method and to reinstate his certificate from that date on only. The evidence of plaintiff clearly established the fact that the insured had elected from time to time to pursue the latter method pro-

vided in the contract, and that at the time that his death occurred he had not maintained his continuous good standing for a sufficient period to entitle the beneficiary to claim any payment under the contract. The fact that the defendant had accepted and retained the payments which had been made by the insured was nothing less nor more than what it was obligated under the contract to do. This being so, there was no element of waiver or estoppel involved, and the sole question presented was to determine what effect such payments would have upon the rights and liabilities of the parties under the terms of the contract. We cannot entertain the suggestion of plaintiff that the contract should be construed in a different manner from that provided by the instrument. The courts are never authorized to make new and different contracts for the parties. Phillips v. Henderson Gasoline Co., 101 Okla. 277, 225 P. 668.

It follows from what has been said that the trial court proceeded properly when it sustained the demurrer to the evidence of the plaintiff and rendered judgment in favor of the defendant.

Judgment affirmed.

CORN, V. C. J., and BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur.