[No. 22184–1–I.   Division One.   April 17, 1989.]

RITA L. HALL, *Appellant,* v. ALLSTATE INSURANCE COMPANY, *Respondent.*

*Mark D. Theune, Jacob Cohen,* and *Cohen, Manni & Theune,* for appellant.

*David M. Brenner* and *Riddell, Williams, Bullitt & Walkinshaw,* for respondent.

FORREST, J.—In May 1984, Allstate issued automobile insurance policy 007–033–317 to Jimmy Gene Hall and Rita L. Hall, husband and wife. Both were designated as "named insureds." When Jimmy Hall applied for the policy on behalf of both his wife and himself, he signed a waiver of uninsured/underinsured motorist (UIM) coverage under the policy. Rita Hall did not sign a waiver, and in this action, contends that she neither was consulted nor consented to the waiver of UIM coverage on her behalf and is not bound thereby.

On November 22, 1986, Rita Hall was injured while riding in a car driven by Jimmy. She applied for benefits under the UIM coverage, but her claim was rejected on the basis of the waiver signed by Jimmy. She then brought this declaratory judgment action against Allstate, seeking a declaration of UIM coverage despite the waiver by Jimmy. The trial court granted Allstate's motion for summary judgment dismissing the action. Rita Hall appeals. We affirm.

The following statutory provisions are applicable to the case. Former RCW 48.22.030(4) provided:

> The named insured may reject, in writing, underinsured coverage for bodily injury or death, or property damage, and the requirements of subsections (2) and (3) of this section shall not apply.

In 1985, RCW 48.22.030(4) was amended to provide:

> A named insured or spouse may reject, in writing, underinsured coverage for bodily injury or death, or property damage, and the requirements of subsections (2) and (3) of this section shall not apply.

RCW 26.16.030 provides:

> Property not acquired or owned, as prescribed in RCW 26.16.010 and 26.16.020, acquired after marriage by either husband or wife or both, is community property. Either spouse, acting alone, may manage and control community property, with a like power of disposition as

the acting spouse has over his or her separate property, except: [not relevant to the disposition of this case.]

Allstate's motion to dismiss was based on two grounds: (1) that the 1985 amendment, which changed the waiving party from "the named insured" to "a named insured or spouse", applied retroactively to deny coverage; and (2) that even under the 1983 version of the statute, waiver by one of the named insureds was effective to waive UIM coverage for all named insureds. The court granted Allstate's motion on both grounds.

The facts are undisputed. This court may sustain the judgment upon any theory supported by the proof, even if not considered by the trial court. *LaMon v. Butler,* 110 Wn.2d 216, 223, 751 P.2d 842 (1988), *aff'd on rehearing,* 112 Wn.2d 193 (1989). We affirm but on somewhat different grounds from those of the trial court.

The policy in question was purchased by the husband. (The analysis would be identical if purchased by the wife.) As purchaser, he identified the vehicles, selected the coverage and selected the limits. With the possible exception of the UIM coverage at issue here, all the terms of the insurance contract would be binding on the wife, pursuant to RCW 26.16.030, and the community would be obligated to pay therefor.

Why should the rejection of UIM coverage be treated any differently than any other provision of the insurance contract? Appellant urges that RCW 48.22.030(4) manifests a strong public policy in favor of protection of injured persons through UIM coverage. It is true that the Legislature provided special treatment for this term of the insurance coverage by requiring it to be specifically rejected. However, if the Legislature wished to mandate UIM coverage, it could have done so. Nothing in the statutory language suggests any change in or restriction on the normal principles of agency and community property management when dealing with waivers of UIM coverage. Indeed, when the possibility of ambiguity was suggested, the Legislature promptly made explicit the right of a

spouse to act in regard to UIM coverage in the same manner as to the other terms of the contract.

Appellant correctly points out that a husband does not have the right to manage or control the separate property of the wife. RCW 26.16.020; *Loewenberg v. Glover,* 19 Wash. 544, 53 P. 839 (1898). It is also true that the pain and suffering portions of a recovery for personal injury would be the separate property of the injured spouse. *In re Marriage of Brown,* 100 Wn.2d 729, 675 P.2d 1207 (1984). This is beside the point. We are not dealing with the proceeds of a personal injury claim, but with the contract rights arising from the terms of an insurance policy. While both spouses must join in the deed of community real estate, either spouse may purchase insurance on such real estate and select the terms thereof.

We hold that when purchasing automobile insurance, a spouse has the right to waive UIM coverage for both spouses. In view of this holding, it is unnecessary to consider the application of RCW 48.22.030(4) to named insureds who are not spouses. The judgment is affirmed.

SCHOLFIELD and WINSOR, JJ., concur.

Review denied at 113 Wn.2d 1002 (1989).