James R. PLASTER, As Administrator of the Estate of David Michael Plaster, Deceased, and James R. Plaster and Patricia Lynn Plaster, individually, Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC., Defendant.

No. 71560.

Supreme Court of Oklahoma.

Sept. 19, 1989.

Rehearing Denied May 22, 1990.

George M. Miles, Jenks, for plaintiffs.

James K. Secrest, II, Secrest & Hill, Tulsa, for defendant.

ALMA WILSON, Justice:

The plaintiffs brought this action in the United States District Court for the Northern District of Oklahoma which certified the following question of law to this Court pursuant to 20 O.S.1981, § 1602:

> When a policy of insurance lists more than one individual as a "named insured", is a written rejection of uninsured motorist coverage executed by one of the named insureds effective as a rejection of said coverage on behalf of all named insureds, or must each and every named insured, individually execute a written rejection of uninsured motorist coverage in order to conform to 36 O.S. 1981 Section 3636(F)?

The certification order from the federal district court sets forth a statement of facts pursuant to 20 O.S.1981, § 1604(2) as follows:

> On or about September 19, 1984, Plaintiff, James R. Plaster, named insured, contracted with Defendant State Farm Mutual Automobile Insurance Company, Inc., for a policy of insurance covering a

1981 Chevrolet Blazer; there was no rejection of uninsured motorist coverage for the policy on this vehicle, and therefore said policy included One Hundred Thousand Dollars ($100,000.00) uninsured motorist coverage. Additionally, James R. Plaster and Patricia Lynn Plaster, named insured, contracted with State Farm Mutual Automobile Insurance Company, Inc., for policies of insurance covering a 1969 Pontiac Firebird and a 1978 Dodge Aspen. Upon being informed that the uninsured motorist coverage contained in the policy covering the 1981 Chevrolet Blazer would apply to the other vehicles as well, James R. Plaster *only* executed a written rejection of uninsured motor vehicle coverage for the policies covering the 1969 Pontiac Firebird and the 1978 Dodge Aspen. Therefore, Patricia Lynn Plaster, the other named insured on these two policies, did not personally execute a written rejection of uninsured motorist coverage.

On or about October 5, 1986, David Michael Plaster, the son of James R. Plaster and Patricia Lynn Plaster was killed in a one car accident while riding in an automobile driven by Jimmy Lee Potts. The deceased, David Michael Plaster, was an "additional" insured under all three above described policies. State Farm Mutual Automobile Insurance Company, Inc., tendered payment of One Hundred Thousand Dollars ($100,-000.00) pursuant to the uninsured motorist coverage contained in the policy on the 1981 Chevrolet Blazer, but denied uninsured motorist coverage for the other two policies.

An examination of the Declarations Pages for the Pontiac Firebird and the Dodge Aspen reveals that under the heading "Named Insured" on each of the policies is listed "Plaster, James R & Patricia" for the Pontiac Firebird and "Plaster, James R & Patricia L" for the Dodge Aspen.

In the recent case of *Moon v. Guarantee Ins. Co.*, 764 P.2d 1331, 1335 (Okla.1988) this Court held:

Pursuant to 36 O.S.1981 § 3636(F), uninsured motorist coverage is provided within or supplemental to an original policy of insurance and may thereafter be waived by the named insured, *provided* such waiver is made by *written rejection*. The sole statutory exemption from the requirement of written rejection applies only to renewals of policies where the named insured has already supplied the insurer with a written rejection of uninsured motorist coverage pursuant to the previous policy.

Title 36 O.S.1981 § 3636(F) states:

(F) The named insured shall have the right to reject such uninsured motorist coverage in writing, and except that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.

Because Patricia L. Plaster is a "named insured", the only method provided by statute for waiver of uninsured motorist coverage is by written rejection, not by the written rejection of another "named insured", but by the written rejection of Patricia L. Plaster. The statute does not authorize Mr. Plaster to reject coverage for Mrs. Plaster when they are both named insureds. Failure of the insurance company to obtain a written rejection required by 36 O.S.1981, § 3636(F) resulted in the inclusion of uninsured motorist coverage as part of the policy by operation of law. *Beauchamp v. Southwestern Nat. Ins. Co.*, 746 P.2d 673, 676 (Okla.1987).

We therefore hold that where an automobile insurance policy lists more than one individual as a "named insured", a written rejection of uninsured motorist coverage by less than all named insureds is not a complete rejection of that coverage within the four corners of the policy. However, such partial rejection does operate to estop an individual named insured who signs the rejection from asserting the uninsured motorist provisions of the policy.

A partial rejection presents a factual ambiguity that must be resolved in favor of the insured. The terms of § 3636 control the contract, and the established law is that when there is doubt concerning the construction of an insurance contract, the doubt is resolved in favor of the insured. *Pitchford v. Electrical Workers' Ben. Ass'n.*, 189 Okl. 82, 113 P.2d 591, 593 (1941); *Also, See, State Farm Automobile Insurance Co. v. Greer*, 777 P.2d 941 (Okla.1989), wherein we invalidated as against public policy a provisional attempt to limit the effect of 36 O.S.1981 § 3636.

These premises considered, we find that the additional insured, David Plaster, is entitled to coverage under the terms of the uninsured motorist provisions of the contract herein.

CERTIFIED QUESTION ANSWERED.

HARGRAVE, C.J., HODGES, LAVENDER, DOOLIN, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., concurs in part, dissents in part.

SIMMS, J., dissents.