**PREFERRED RISK MUTUAL INSURANCE COMPANY,**
Appellee,

v.

**FEDERATED MUTUAL INSURANCE COMPANY, Appellant,**

and

**Thomas A. Peterson and Holly R. Peterson, Defendants.**

No. 98–1988.

Supreme Court of Iowa.

June 1, 2000.

René Charles Lapierre of Klass, Stoos, Stoik, Mugan, Villone & Phillips, L.L.P., Sioux City, for appellant.

Michael S. Jones and Michael D. Huppert of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, L.L.P., Des Moines, for appellee.

CARTER, Justice.

Federated Mutual Insurance Company (Federated Mutual), who is the uninsured motorist insurer of the employer of Thomas Peterson, appeals from a declaratory judgment establishing that its uninsured motorist coverage extended to additional insureds, Thomas Peterson and his wife, Holly, because Thomas's employer, as named insured, failed to make a valid declination of uninsured motorist coverage as to any class of insureds. Preferred Risk Mutual Insurance Company (Preferred Risk), an uninsured motorist insurer of the Petersons, whose coverage is excess to Federated Mutual's coverage, cross-appeals, challenging the district court's determination of the limits of liability under Federated Mutual's policy. After reviewing the record and considering the arguments presented, we affirm the district court on both appeals.

In February 1997 Thomas and Holly Peterson received personal injuries when an automobile Thomas was driving, and in which Holly was a passenger, collided with a vehicle driven by an uninsured motorist. The automobile Thomas was operating at this time was owned by his employer, Midwest Equipment, Inc.

At the time of the accident, the Petersons were covered by an insurance policy provided by plaintiff, Preferred Risk. That policy provided for $250,000 in uninsured motorist coverage per person. This coverage was in excess of other available insurance. Thomas's employer, Midwest Equipment, Inc., provided insurance on the automobile Thomas was operating through Federated Mutual. That policy provided primary business auto coverage to the business and persons using the vehicle with the owner's consent. The policy contained an endorsement providing uninsured motorist coverage of $100,000 to the directors, officers, partners, or owners of the company but declaring that the uninsured motorist coverage available to any other insureds under the policy was zero.

A dispute arose between Preferred Risk and Federated Mutual regarding the applicability of their uninsured motorist coverages as applied to the Petersons' motor vehicle accident. Preferred Risk brought this declaratory judgment action, seeking a determination that Federated Mutual's attempt to provide no uninsured motorist coverage to the category of insureds in which the Petersons were included was of no legal effect because the named insured under Federated Mutual's policy had failed to make the statutory declination mandated by Iowa Code section 516A.1 (1995).

The district court, in ruling on cross motions for summary judgment, determined that, because the named insured, Midwest Equipment, Inc., had failed to comply with the declination requirements of section 516A.1, the Petersons were entitled to uninsured motorist coverage under Federated Mutual's policy in an amount equal to the statutory minimum. Federated Mutual has appealed from that adjudication. Preferred Risk has cross-appealed, asserting that the limit of liability applicable to the Petersons should be the same as that provided for the category of insureds that were expressly granted uninsured motorist coverage under the Federated Mutual policy endorsement.

The endorsement in the Federated Mutual policy that is at issue in the present litigation provides as follows:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

In consideration of the premium charged, the limit for Uninsured and Underinsured Motorists Coverage as provided by your policy is modified as follows:

1. For any director, officer, partner or owner of the named insured and his or her "family member" who qualify as an "insured" under the WHO IS INSURED provision of the Uninsured and Underinsured Motorists Coverage attached to this policy, the limit of insurance shall be as follows:

$100,000 Limit of Insurance

2. For any other person qualifying as an "insured" under the WHO IS AN INSURED provision of the applicable coverage, the limit shown below shall apply. If no limit is shown below, no coverage is afforded to any other person.

$0 Limit of Insurance.

This court has approved the practice of providing different limits of uninsured motorist coverage for different categories of insureds. *See Krause v. Krause,* 589 N.W.2d 721, 726–27 (Iowa 1999) (policy provided minimum uninsured motorist coverage for uninsured motorist insureds who were not also insured against liability); *accord Williams v. State Farm Mut. Auto. Ins. Co.,* 992 F.2d 781, 784 (8th Cir.1993) (policy provided minimum uninsured motorist coverage for those insureds operating an owned vehicle that was not insured under the same policy). In both the *Krause* and *Williams* cases, however, the limit of uninsured motorist coverage provided to any category of insureds was not less than the minimum amount required by Iowa law. In sharp contrast, Federated Mutual's endorsement in the present case provides for a limit of zero for that category of insureds in which the Petersons are included.

Iowa Code section 516A.1 states in pertinent part:

No automobile liability or motor vehicle liability insurance policy insuring against liability for bodily injury or death arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state ... unless coverage is provided in such policy or supplemental thereto, for the protection of persons insured under such policy who are legally entitled to recover damages from the owner or operator of an uninsured motor vehicle.... [T]he uninsured motor vehicle ... coverage, and the underinsured motor vehicle coverage shall include limits for bodily injury or death at least equal to those stated in section 321A.1, subsection 10. The form and provisions of such coverage shall be examined and approved by the commissioner of insurance.

*However, the named insured may reject all of such coverage, or reject the uninsured motor vehicle ... coverage, or reject the underinsured motor vehicle coverage, by written rejections signed by the named insured. If rejection is made on a form or document furnished by an insurance company or insurance agent, it shall be on a separate sheet of paper which contains only the rejection and information directly related to it.*

(Emphasis added). In the record on the summary judgment motions the only document establishing an uninsured motorist limit of zero for the category of insureds that included the Petersons was an endorsement emanating from the insurer. The record contains no document executed by the named insured that satisfies the required declination of coverage under section 516A.1.

Based on the circumstances we have discussed, we must conclude that the district court was correct in determining that uninsured motorist coverage was available under Federated Mutual's policy for the category of insureds that included Thomas and Holly Peterson. We also hold, and in so doing reject Preferred Risk's contention on its cross-appeal, that the absence of a valid declination renders Federated Mutual responsible for uninsured motorist coverage to Thomas and Holly, each, in the minimum amount of $20,000, as required by Iowa Code sections 516A.2 and 321A.1(10). There is no basis for them to claim the higher limit applicable to di-

**286**

rectors, officers, partners, or owners of Midwest Equipment, Inc. because the endorsement expressly limits the category of insureds to which that limit applies.

In the arguments presented on this appeal, the parties appear to dispute the legal effect of language in the district court's ruling establishing that the Petersons were each entitled to the minimum amount of uninsured motorist coverage established by law. The district court's ruling designates that amount at $40,000, or $20,000 each. Preferred Risk suggests that this language serves to foreclose Federated Mutual's right to set off against the applicable uninsured motorist limit any workers' compensation payments or other medical expense payments made to the Petersons. We do not interpret the district court's ruling as denying that right of setoff. We are convinced that, in referring to the $40,000 total limit in its ruling, the district court was only designating that the minimum limit applied as contrasted with the $100,000 limit applicable to the other category of insureds. It was neither necessary nor proper for the district court to deal with the issue of setoffs against the applicable limit of liability because that issue was not presented for adjudication in the declaratory judgment litigation. That is an issue to be determined in accordance with the provisions of Federated Mutual's policy.

We have considered all issues presented and conclude that as to both appeals the district court's declaratory judgment is affirmed.

**AFFIRMED ON BOTH APPEALS.**

All justices concur except CADY, J., who takes no part.